**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BARBARA PRICE and GEORGE PRICE, | : | HON. JOEL H. SLOMSKY |
| Individually and on behalf of their | : | |
| daughter, O.P., a minor, | : | CIVIL ACTION - LAW |
| Plaintiffs | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | ELECTRONICALLY FILED |
| | : | |
| SCRANTON SCHOOL DISTRICT, et al., | : | |
| Defendants | : | NO:    3:11-CV-95 |

### BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT ON BEHALF OF DEFENDANTS, SCRANTON SCHOOL DISTRICT, ROBERT LESH, ROBERT SHERIDAN, WILLIAM KING, BARBARA DIXON, KEVIN ROGAN, MELISSA ROSE, JULIE MALONEY, KARYN SCHAEFFER, AMY LLOYD, MARIA ROSSI AND LYNNE MICHAEL

# TABLE OF CONTENTS

Page

I.   Statement of Facts and Procedural History: ............................................................ 1

II.  Questions Presented: .............................................................................................. 3

III. Law and Argument: ................................................................................................. 4

A.   O.P. has failed to state a claim under Title IX for discrimination on the basis of sex.................................................................................................................. 4

B.   Plaintiffs have failed to set forth a claim upon which relief may be granted under 42 U.S.C. §1983 for violations of substantive due process. .................. 6

1.   Barbara and George Price, have failed to set forth a claim upon which relief may be granted under 42 U.S.C. §1983. ................................... 6

2.   Plaintiff, O.P., has failed to set forth a claim upon which relief may be granted under 42 U.S.C. §1983.......................................................... 7

C.   Plaintiffs have failed to state a cause of action under 42 USC §1983 against the individual Defendants. .............................................................................. 8

1.   Plaintiffs' claims against the school district defendants plead in their official capacity merge into the claims against the Scranton School District. .............................................................................................. 8

2.   The allegations in the complaint are insufficient to establish liability under 42 USC §1983 against the individual Defendants. .................... 8

3.   Plaintiffs' claims against Defendants in Count II must fail as the individual Defendants are protected from suit by the doctrine of qualified immunity............................................................................... 12

D.   Plaintiffs' State law claims of intentional infliction of emotional distress and civil conspiracy must be dismissed where Plaintiffs' underlying Federal claims have been dismissed.................................................................................... 13

1.   O.P's claim for intentional infliction of emotional distress against Barbara Dixon and Karyn Schaeffer must be dismissed as they are entitled to immunity. ........................................................................ 14

2.   O.P.'s claim for civil conspiracy against Defendants Dixon and Schaeffer must be dismissed as they are immune from suit. ............. 15

3.   Plaintiffs' claim for civil conspiracy against the School District Defendants  must be dismissed as they are immune from suit. ......... 16

4.   O.P.'s claim for intentional infliction of emotional distress against Barbara Dixon and Karyn Schaeffer must be dismissed as they have failed to allege sufficient extreme or outrageous conduct. ................ 16

E.   The State Law Claims of Intentional Infliction of Emotional Distress and Civil Conspiracy must be dismissed against Barbara Dixon because she is entitled to immunity as a high public official. ............................................................ 19

F.   O.P. has failed to set forth sufficient facts to establish claims for civil conspiracy in Count V against Defendants Maloney, Lloyd, Rossi, Michael. 22

1.   O.P's claim for civil conspiracy against Defendants Dixon and Schaeffer must be dismissed as Plaintiffs have failed to allege facts necessary to establish their claim ...................................................... 25

2.   O.P. has failed to set forth sufficient facts to establish claims for civil conspiracy in Count VI against the School District Defendants ......... 26

G.   Plaintiffs are not entitled to punitive damages. .............................................. 27

# TABLE OF CITATIONS

**Cases**

Albright v. Oliver, 510 U.S. 266 (1994) ........................................................................ 7

Bennett v. Pa. Hosp. Sch. of Nurse Anesthesia, No. Civ.A. 01-CV-4098, 2002 U.S. Dist. LEXIS 22258 (E.D. Pa. Oct. 29, 2002) .......................................................................................................... 5

Davis v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 650 (1999) ........................................ 4, 5

DeShaney v. Winnebago County Dept. Of Social Services, 489 U.S. 189 (1989) .................... 7

Jackson v. Coatesville Area Sch. Dist., No. 99-1495, 2000 U.S. Dist. LEXIS 11951, 2000 WL 1185375, at *9 (E.D. Pa. Aug. 21, 2000)........................................................................................... 21

Lindner v. Mullen, 544 Pa. 487, 677 A.2d 1194, 1195-1196 (Pa. 1996) ................................. 21

Lindsley v. Girard Sch. Dist., 213 F. Supp. 2d 523 (2002) ................................................ 7

I.      STATEMENT OF FACTS AND PROCEDURAL HISTORY:

On February 28, 2011, Barbara and George Price filed a Complaint on their own

behalf on behalf of their minor child, O.P., alleging various constitutional and state claims

against a number of Defendants.  The majority of the Defendants filed Motions to Dismiss

pursuant to Rule 12(b)(6).  On March 21, 2011, Plaintiffs filed an Amended Complaint.

According to the Amended Complaint, O.P. attended South Scranton Intermediate

School (Pl. Complaint ¶5) within the Scranton School District (hereinafter "SSD"), an

educational entity which provides education to students in Scranton (Id. ¶9).  Robert Lesh

was the President of the Scranton School District Board of Directors (Pl. Complaint ¶10),

Robert Sheridan was a member of the District Board of Directors (Id. ¶11), William King is

the Superintendent of Schools (Id. ¶12), Barbara Dixon is the Principal of Schools (Id. ¶13),

Kevin Rogan was interim Vice Principal (Id. ¶14), Melissa Rose is the current Vice Principal

(Id. ¶15), Julie Maloney is a teacher and mother of Student Defendant, T.M. (Id. ¶16), Karyn

Schaeffer is the Guidance Counselor at the school (Id. ¶17), Amy Lloyd is the Librarian at

the school (Id. ¶18), Maria Rossi is a teacher at the school (Id. ¶19) and Lynne Michael is a

teacher at the school (Id. ¶20).

According to the Complaint, in October 2009, O.P. developed a yeast infection which

caused her discomfort and to scratch her genital area. (Id. ¶46-47).  The Student

Defendants mimicked the sound and began to taunt O.P.  (Id. ¶49-50).  On October 23,

2009, student I.D. told everybody that the sound being made was related to the yeast

infection.  (Id. ¶59).  Multiple teachers, not named as Defendants, heard the Student

Defendants making the sound and took no appropriate action. (Id. ¶64).  In addition, the

Student Defendants called O.P. "bitch", "skank", "slut" , "tramp" or "whore" for the purpose

of sexually harassing her. (Id. ¶68).  From October 2009 to April 2010, O.P. suffered in

silence and did not report the alleged taunting to her parents, teachers or administrators in

the District.  (Id. ¶71).  On April 7, 2010, she told her parents and the following day, O.P.'s

parents requested a meeting.  (Id. ¶75, 77).   On April 9, O.P. and her parents met with

Principal Dixon and Vice Principal Rogan and detailed the sexual harassment.  (Id. ¶79-80).

On April 12, 2010, prior to being called into Dixon's office, Lloyd, Rossi and Michael called

T.M. into the School library (Id. ¶98) and used the internal school phone to call Mrs.

Maloney, her mother (Id. ¶99).  They then conspired to coach T.M. about how to respond to

questions asked by Principal Dixon who was calling the Student Defendants into her office

(Id. ¶100).  On April 29, 2010, O.P.'s parents met with Superintendent King (Id. ¶118).

In Count I, O.P. brings a claim against SSD under Title IX.  They allege that the

scratching sound and verbal epithets used by the Student Defendants and ignored by SSD

created a hostile environment based upon O.P.'s sex.  They allege that the School District

Defendants knew or should have known about the hostile environment (Id. ¶228) and failed

to investigate, respond immediately and appropriately (Id. ¶229) and condoned the

harassment (Id. ¶230).  In Count II, the Plaintiffs bring a claim under 42 U.S.C. §1983 for

violations under the Fourteenth Amendment against SSD, Lesh, Sheridan, King, Dixon, (all

sued in their official and individual capacities) and Rogan, Rose, Maloney, Rossi, Lloyd, Michael and Schaeffer (all sued in their individual capacities).  The Plaintiffs allege that Lesh, Sheridan, King and Dixon established and maintained policies, customs and practices that deprived O.P. of her constitutionally protected liberty interest in bodily integrity – the right to be free from abuse (Id. ¶240) and that they acted with deliberate indifference (Id. ¶243).  They allege that Lesh, Sheridan, King and Dixon failed to eradicate the hostile environment, adopt and implement an effective policy, appropriately discipline the School District Defendants, or train District personnel to respond to harassment (Id. ¶244-45).  They allege that Lesh, Sheridan, King and Dixon had knowledge of and supported the violations.  (Id. ¶250).

In Count III, O.P. alleges intentional infliction of emotional distress against the Student Defendants, Principal Dixon, and Defendant Schaefer.  In Count V, O.P. alleges a civil conspiracy existed has sued the Student Defendants, Maloney, Lloyd, Rossi, Michael, Dixon and Schaefer.  In Count VI, Plaintiffs allege a civil conspiracy existed between the School District Defendants to evade their legal obligations to take prompt and effective steps to end the harassment and protect plaintiffs' rights.

## II.    QUESTIONS PRESENTED:

A.    *Whether O.P. has failed to state a claim upon which relief may be granted for violations under Title IX?*

*Suggested answer:  In the affirmative*

B.    *Whether Plaintiffs have failed to set forth a claim upon which relief may be granted under 42 U.S.C. §1983?*

*Suggested answer:  In the affirmative*

C.    *Whether the individual defendants are immune from suit under the doctrine of qualified immunity?*

*Suggested answer:  In the affirmative*

D.    *Whether Plaintiffs have failed to state a claim upon which relief may be granted for intentional infliction of emotional distress and civil conspiracy?*

*Suggested answer:  In the affirmative*

E.    *Whether Barbara Dixon is entitled to high public official immunity such that the claims for intentional infliction of emotional distress and civil conspiracy against her must be dismissed?*

*Suggested answer:  In the affirmative*

F.    *Whether the state law claims of intentional infliction of emotional distress and civil conspiracy must be dismissed?*

*Suggested answer:  In the affirmative*

G.    *Whether Plaintiffs' request for punitive damages must be dismissed.*

*Suggested answer:  In the affirmative*


III.    <u>LAW AND ARGUMENT:</u>

A.    **O.P. has failed to state a claim under Title IX for discrimination on the basis of sex.**

O.P.'s claim - that she was subjected to a sexually hostile educational environment by students who taunted her about her private female medical condition, a yeast infection, by making a "scratching sound" and calling her names like "bitch," "skank," "slut," "tramp," and "whore"  – are insufficient to state a claim under Title IX.  Title IX makes it unlawful for a federally funded entity to discriminate on the basis of sex. 20 U.S.C. § 1681(a). In <u>Davis v. Monroe Cnty. Bd. of Educ.</u>, 526 U.S. 629, 650 (1999)), the U.S. Supreme Court allowed a

claim under Title IX for student-on-student harassment.  To prove that she was subjected to a hostile educational environment, O.P. must demonstrate: (1) she suffered intentional discrimination because of her sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected her; and, (4) the discrimination would have detrimentally affected a reasonable person in her position. See, Bennett v. Pa. Hosp. Sch. of Nurse Anesthesia, No. Civ.A. 01-CV-4098, 2002 U.S. Dist. LEXIS 22258 (E.D. Pa. Oct. 29, 2002), supra, *citing* Davis, *supra.*  To state her claim, she must prove that SSD had actual notice of this sexually hostile educational environment –such that an "appropriate person" who has the authority to take corrective measures was aware and that the District's response to the harassment amounted to deliberate indifference. Id., *citing* Gebser v. Lago Vista Independent School Dist., 524 U.S. 274,  291-92 (1998)).

Here, the Plaintiff has failed to state a claim for violations under Title IX.  She alleges that the alleged harassment was sexual in nature, that it was reported to the Principal on April 9 (Pl. Complaint, ¶ 79), that an investigation occurred and that students' seats were moved. (Id., ¶106).  Thereafter, she alleges that harassment continued, that it was reported to Principal Dixon on October 15, 2010 (Id., ¶162) and that SSD failed to investigate appropriately.  As a result, she claims she had to leave class (Id., ¶63) and as a result was denied access to educational opportunities by virtue of the alleged harassment.  While the Plaintiffs allege an unfortunate set of circumstances, if proven, those allegations are insufficient to create liability against SSD under Title IX.  The Court in Davis stressed that

"damages are not available for simple acts of teasing and name-calling among children, even where these comments target differences in gender." Id. at 652.  "Rather, a plaintiff must establish sexual harassment of students that is so severe, pervasive, and objectively offensive, and that so undermines and detracts from the victims' educational experience, that the victim-students are effectively denied equal access to an institution's resources and opportunities." Id. at 651.  As a result, Plaintiff's claims under Title IX must be dismissed.

B.      **Plaintiffs have failed to set forth a claim upon which relief may be granted under 42 U.S.C. §1983 for violations of substantive due process.**

1.      **Barbara and George Price, have failed to set forth a claim upon which relief may be granted under 42 U.S.C. §1983.**

In order to establish a viable claim under §1983,  Plaintiff must show: (a) that the conduct complained of was committed by a person acting under color of state law; and (b) that the conduct deprived a person of rights, privileges or immunity secured by the Constitution or laws of the United States.  Sameric Corp. v. City of Philadelphia, 142 F.3d 582 (1988).  Here, Barbara and George Price have not stated any Constitutional deprivation.  Throughout the Complaint, they allege that the various Defendants bullied and harassed their daughter and/or failed to stop the bullying.  They allege that the parents have an interest in the care, custody and control of their children which is among the oldest of the fundamental liberty interests recognized by the United States Supreme Court.  However, the Price parents have failed to allege a cause of action which would entitle them to damages or that any of the Defendants acted to impede their interests in the care, custody or control of

their child, assuming such a Constitutional interest exists.  The Fourteenth Amendment was designed to protect citizens against the state and all its creatures. It was not designed to allow individuals to seek redress for actions against others.  Here, Barbara and George Price do not allege any facts which would allow them to recover damages.

> **2.      Plaintiff, O.P., has failed to set forth a claim upon which relief may be granted under 42 U.S.C. §1983.**

Section 1983 does not itself create substantive rights or impose obligations on government officials. Rather, the statute provides a cause of action by which persons may seek relief for governmental violations of the United States Constitution- through statutes or the language of the constitution itself.  <u>Albright v. Oliver</u>, 510 U.S. 266 (1994).  Here, Plaintiff alleges that she was harassed by students in the District which violated her rights to substantive due process.  In <u>DeShaney v. Winnebago County Dept. Of Social Services</u>, 489 U.S. 189 (1989), the United States Supreme Court held that absent a special relationship between a state and an individual in which the state affirmatively restrains the individual's liberty, such as the state's relationship to a prisoner, the Due Process Clause does not obligate states to protect individuals from acts of private violence. <u>Id</u>. at 195-198.

The analysis used by the Court in <u>Lindsley v. Girard Sch. Dist</u>., 213 F. Supp. 2d 523 (2002) applies here: "even if we assume that the students' conduct of which Plaintiff complains and which took place on school premises was sufficiently severe to infringe Plaintiff's liberty interest for purposes of due process analysis, an issue we do not decide, the Defendants' failure to protect her from that conduct is not constitutionally actionable"

and the claims under 42 U.S.C. §1983 must be dismissed.  Our courts have not interpreted the relationship owed by a school to a student to create a special relationship such that a school is liable for violations of the substantive due  process clause under these circumstances.  As a result, all claims under 42 U.S.C. §1983 must be dismissed.

C. **Plaintiffs have failed to state a cause of action under 42 USC §1983 against the individual Defendants.**

1. **Plaintiffs' claims against the school district defendants plead in their official capacity merge into the claims against the Scranton School District.**

To the extent that this Court denies this motion to dismiss against SSD, the claims against the individual defendants should be dismissed.  First, claims which are made against a government employee in his or her official capacity merge into the claims against the public entity.  Mitros v. Borough of Glenolden, 170 F.Supp. 2d 504 (E.D. 2001), citing, Brandon v. Holt, 469 U.S. 464 (1985).  In Count II, the Plaintiffs bring a claim under 42 U.S.C. §1983 for violations under the Fourteenth Amendment against SSD, Lesh, Sheridan, King, Dixon, who are all sued in their official and individual capacities.  The claims against them under 42 U.S.C. §1983 for violations of substantive due process merge into the claims against the District and the claims against them in their official capacity must be dismissed.

2. **The allegations in the complaint are insufficient to establish liability under 42 USC §1983 against the individual Defendants.**

The Plaintiffs have alleged that the all SSD defendants, including Lesh, Sheridan, King, Dixon, are liable under 42 U.S.C. §1983 in their individual capacities.  For defendants to be held liable in their individual capacities, plaintiff must show each defendant individually

participated in or approved of the alleged constitutional violation. See <u>C.N. v. Ridgewood</u>

<u>Bd. of Educ.,</u> 430 F.3d 159, 173 (3d Cir. 2005).  A supervisor may be liable under § 1983 for

the unconstitutional actions of his or her subordinates when he or she participates in the

unconstitutional action, directed the action or, as supervisor, had knowledge and

acquiesced in the subordinate's violation. See <u>A.M. ex rel. J.M.K. v. Luzerne Cnty Juvenile</u>

<u>Det. Ctr.</u>, 372 F.3d 572, 586 (3d Cir. 2004) (citing <u>Baker v. Monroe Twp.,</u> 50 F.3d 1186,

1190-91 (3d. Cir. 1995). The Complaint does not allege that any of the individual defendants

participated in the alleged unconstitutional violation instead, directed the action or

acquiesced.

     With regard to Lesh and Sheridan, the Plaintiffs allege Mr. Price told Sheridan and

Lesh that the District failed to stop the bullying ((Pl. Complaint at ¶198). Such allegations

are insufficient to state a claim for violations of substantive due process against Lesh and

Sheridan.  The Complaint does not contain any facts to indicate that Sheridan and Lesh had

any personal involvement in the harassment or, as two board members on a School District

board, had any authority to act to stop the alleged harassment.

     The complaint does little more than to allege conclusory legal statements that

purport to establish liability: that Superintendent King, Principal Dixon, School Board

Member Lesh, and School Board Member Sheridan established policies, customs and

practices that affirmatively contributed to O.P. being deprived of her clearly established,

constitutionally protected liberty interest in bodily integrity. (Id. at ¶240); failed to eradicate a

hostile environment and failed to appropriately discipline the School District Defendants who actively conspired to interfere with the School's investigation into the bullying and harassment (Id. ¶244), failed to train District personnel (Id. ¶245) and encouraged or condoned violations of O.P.'s constitutional rights. (Id. ¶249).  Even assuming these allegations are true, at most the Plaintiff has stated a cause of action against the individual defendants in their official capacity.  Allegations of failure to train or implement policies are insufficient to establish a § 1983 cause of action against these individuals in their individual capacities. Therefore, all claims against Lesh, Sheridan, King and Dixon which arise out of their alleged failure to train in their individual capacities should be dismissed.

Further, all claims against the remaining District Defendants in their individual capacities must be dismissed.  Regardless of whether an individual acts in a supervisory capacity, that person can be liable for a civil rights violation under § 1983 only if he or she 'subjects, or causes to be subjected,' the plaintiff to the deprivation of rights alleged.  See C.N. v. Ridgewood Bd. of Educ., *supra.* This complaint is devoid of facts against most of the individual defendants.  First, the complaint does not allege facts to support a claim that O.P. was deprived of constitutional right to bodily integrity by the actions, or failures, of any of the individuals.  In order to be found liable under § 1983, they must be shown to have had personal involvement in the alleged wrongs. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  According to the Complaint, Lloyd, Rossi and Michael called Maloney's daughter, T.M., into the school library before she was questioned by Principal Dixon

regarding the complaints made by O.P.'s parents.  Lloyd, Rossi, Michael and Mrs. Maloney ("library defendants") conspired to coach T.M. about how to respond to questions.  These allegations are insufficient to create a cause of action under 42 U.S.C. §1983 for violations of O.P.'s liberty interests.  The complaint does not allege that Lloyd, Rossi, Michael or Maloney took any personal action to violate O.P.'s liberty interest or that they even knew of the alleged harassment.  As a result, these vague, conclusory allegations do not support a claim upon which relief may granted under 42 U.S.C. §1983.

The allegations against Schaefer, King, Dixon, Rogan and Rose are equally insufficient.  The Plaintiffs allege that on May 7, 2010, O.P. was called out of class by Guidance Counselor Schaefer who had been instructed by Principal Dixon to talk to O.P. (Pl. Complaint at ¶ 123-124).  O.P. told Schaefer that the Student Defendants were bullying and Schaefer suggested that she seek psychological counseling and set her back to class (Pl. Complaint at ¶ 123-124). Like the allegations above against the "library Defendants", these allegations are insufficient to form a basis under the Fourteenth Amendment against Ms. Schaefer.

With regard to King, Dixon, Rose and Rogan, the complaint sets forth a timeline of meetings between O.P.'s parents and the administrators of SSD.  O.P.'s mother spoke with Principal Dixon to express her concern that the bullying was continuing  (Pl. Complaint at ¶105).   Dixon suggested that the Student Defendants would not be permitted to sit at the same table in the cafeteria (Id. ¶106).  On April 23, O.P.'s father met with Vice Principal

Rogan to express his concern that Dixon was siding with the Student Defendants against O.P. (Id. ¶114).  The Student Defendants were given detentions and told not to sit together at lunch time and parent conferences were held with all of the students who received punishment (Id. ¶133).   On October 15, O.P.'s parents reported to Dixon that the bullying and harassment were continuing (Id. ¶162).  In October, 2010, O.P.'s parents met with Dixon and Vice Principal Rose on multiple occasions and provided them with examples of bullying (Id. ¶164).   Other than indicating that these parents had multiple meetings with the various administrators of the District, the Complaint is devoid of any other allegations which indicate personal involvement sufficient to impose liability upon them.

> **3.**   **Plaintiffs' claims against Defendants in Count II must fail as the individual Defendants are protected from suit by the doctrine of qualified immunity.**

To the extent that this Court believes that Plaintiffs have stated a claim against the individual Defendants under 42 U.S.C. § 1983, and that claim is allowed to exist despite the Title IX claim, the individual Defendants are protected by the Doctrine of Qualified Immunity.  Government officials performing administrative or investigatory functions may be entitled to a qualified immunity.  Thompson v. Burke, 556 F.2d 231, 240 (3d. Cir. 1977).

Under the Harlow v. Fitzgerald standard, a governmental official sued in his individual capacity is entitled to qualified immunity in any of three circumstances:  (1) if the conduct attributed to him is not prohibited by federal law; (2) where the conduct is prohibited by federal law, the plaintiff's right not to be subjected to such conduct by defendant was not

clearly established at the time of the conduct; or (3) if the defendant's action was "objectively, legally reasonable in light of the legal rules that were clearly established at the time it was taken". <u>Andersen v. Creighton</u>, 483 U.S. 635 (1987); <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 819 (1981).  These three issues should be approached in sequence, or if the second is resolved favorable to the official, the third becomes moot; a favorable resolution of the first moots the second and the third. The general rule of qualified immunity is intended to provide government officials with the ability to reasonably anticipate when their conduct may give rise to liability for damages.  Where the right was clearly established at the time, the Court must address whether an objectively reasonable person in the position of any of the Defendants would have known that his or her conduct was violative of such constitutional rights.

If this Court stretches the claims made by Plaintiffs into a viable suit under the Fourteenth Amendment or Section 1983, it must find that the individual Defendants are immune from liability.  Clearly, the individual Defendants would not have understood that they were violating the minor Plaintiff's Constitutional rights.  As such, Plaintiffs' claims against the individual Defendants should be dismissed with prejudice.

D.   **Plaintiffs' State law claims of intentional infliction of emotional distress and civil conspiracy must be dismissed where Plaintiffs' underlying Federal claims have been dismissed.**

As Defendants are entitled to judgment as a matter of law on all Federal counts contained in Plaintiffs' Complaint, Plaintiffs' allegations of violations of State law should also

be dismissed.  The decision of whether to entertain or dismiss a plaintiff's state law claims lies within the sound discretion of the Court.  28 U.S.C. §1367(c)(3).  As a general rule, courts should decline to exercise supplemental jurisdiction over state law claims in an instance where all federal claims have been disposed.  United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Bibby v. Philadelphia Coca-Cola Bottling Co., 85 F. Supp. 2d 509, 519 (E.D. Pa. 2000).  In accordance with the general rule, this Court should decline to exercise supplemental jurisdiction and dismiss Plaintiffs' state law claims.

> **1.**   **O.P's claim for intentional infliction of emotional distress against Barbara Dixon and Karyn Schaeffer must be dismissed as they are entitled to immunity.**

Under the Political Sub-Division Tort Claims Act, 42 Pa. C.S.A. §8541, et seq. ("PSTCA") "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S.A. §8541.  Therefore, all tort claims against a governmental entity in Pennsylvania are barred by the operation of law.  The PSTCA provides eight (8) exceptions to governmental immunity of a local agency.  Those exceptions include: (1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody or control of animals.  42 Pa. C.S.A. §8542(b).  It is well settled that a public school district, along with employees acting in their official capacity, are deemed a local agency for purposes of determining governmental immunity pursuant to the PSTCA.

<u>Valentino C. v.  School District of Philadelphia</u>, 2004 U.S. Dist. LEXIS 2114 (E.D. Pa., 2004).

Municipalities are immune from claims for intentional infliction of emotional distress because they do not fall within one of the eight exceptions to governmental immunity. <u>Agresta v. City of Philadelphia</u>, 694 F. Supp. 117, 123 (E.D. Pa. 1988); <u>Kessler v. Monsour</u>, 865 F. Supp. 234 (M.D.Pa. 1994);  <u>Haefner v. Steward</u>, 19 Pa. D. & C.4th 152 (Lancaster Cty. 1993).  Plaintiffs' claims against Defendants Dixon and Schaeffer must be dismissed because suits against municipal employees in their official capacities are "treated as claims against the municipal entities that employ these individuals." <u>Smith v. School Dist. of Philadelphia</u>, 112 F. Supp.2d 417, 425 (E.D. Pa. 2000) (*citing* <u>Hafer v. Melo</u>, 502 U.S. 21, 25, 116 L. Ed. 2d 301, 112 S. Ct. 358 (1991)).

Because Plaintiff's claim does not fall within one (1) of the exceptions, Dixon and Ms. Schaeffer are entitled to immunity.  Therefore, the claims against Defendants Dixon and Schaeffer in Count III of Complaint must be dismissed with prejudice.

2. **O.P.'s claim for civil conspiracy against Defendants Dixon and Schaeffer must be dismissed as they are immune from suit.**

Similar to Plaintiffs claim for intentional infliction of emotional distress, Defendants Dixon and Schaeffer have immunity under the Political Sub-Division Tort Claims Act, 42 Pa. C.S.A. §8541, <u>et</u> <u>seq.</u>, for the Plaintiffs' claim for civil conspiracy.  *See e.g.*, <u>DeMuro v. Philadelphia Hous. Auth.</u>, 1998 U.S. Dist. LEXIS 20412  (E.D.Pa. 1998).  The claim for civil

conspiracy does not fall within one of the eight enumerated exceptions to immunity and, therefore, must be dismissed with prejudice.

3. **Plaintiffs' claim for civil conspiracy against the School District Defendants must be dismissed as they are immune from suit.**

Similar to O.P.'s claim for intentional infliction of emotional distress, the School District Defendants have immunity under the Political Sub-Division Tort Claims Act, 42 Pa. C.S.A. §8541, et seq., for the Plaintiffs' claim for civil conspiracy.  *See e.g.*, DeMuro v. Philadelphia Hous. Auth., 1998 U.S. Dist. LEXIS 20412  (E.D.Pa. 1998).  The claim for civil conspiracy does not fall within one of the eight enumerated exceptions to immunity and, therefore, must be dismissed with prejudice.

4. **O.P.'s claim for intentional infliction of emotional distress against Barbara Dixon and Karyn Schaeffer must be dismissed as they have failed to allege sufficient extreme or outrageous conduct.**

Section 46 of the Restatement (Second) of Torts sets forth the minimum elements for a claim of intentional infliction of emotional distress. *See* Taylor v. Albert Einstein Medical Center, 562 Pa. 176, 181, 754 A.2d 650 (2000).  According to section 46, "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."  Id.  Under Pennsylvania law, "the gravamen of the tort of intentional infliction of emotional distress is that the conduct complained of must be of an 'extreme or outrageous type.'" Cox v. Keystone Carbon Company, 861 F.2d 390, 395 (3d Cir. 1988) (*quoting* Rinehimer v. Luzerne County Community College, 372 Pa.

Super. 480, 494, 539 A.2d 1298 (1988)).  The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society. Id. at 395.  The alleged misconduct must be so extreme " the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" Strickland v. University of Scranton, 700 A.2d 979, 987 (Pa. Super. Ct. 1997) (quoting Small v. Juniata College, 452 Pa. Super. 410, 682 A.2d 350, 355 (Pa. Super. Ct. 1996).  A failure to act, or the negligence of a party is insufficient to establish a claim for IIED. Jackson v. Sun Oil Co., 361 Pa. Super. 54, 521 A.2d 469, 471 (Pa. Super. Ct. 1987).

It is for the court to determine in the first instance whether the element of outrageousness has been met. Swisher v. Pitz, 2005 PA Super 56, 868 A.2d 1228, 1231 (Pa. Super. Ct. 2005) (quoting Johnson v. Caparelli, 425 Pa. Super. 404, 625 A.2d 668, 671 (Pa. Super. Ct. 1993)).  The basis for Plaintiff's IIED claim against Defendants Dixon and Schaeffer is that they "intentionally and outrageously subjected O.P. to an inappropriate, private meeting with Defendant Schaeffer, without O.P.'s parents presence or knowledge, in order to shift blame to O.P. and to evade their legal obligations to take prompt and effective steps reasonably calculated to end the harassment, eliminate any hostile environment and its effects, and prevent the harassment from recurring." See Complaint at ¶ 259.  On May 7, 2010, Defendant Schaeffer spoke with O.P. based on an instruction from Dixon.  (Id.

¶123-24).  Schaeffer stated that O.P. may need psychological help and immediately sent

her back to class.  (Id. ¶126).

The Complaint fails to set forth any extreme or outrageous conduct to establish

liability.  With regard to Defendant Dixon, Plaintiffs allege only that she instructed Defendant

Schaeffer to speak with O.P.  There is nothing in this allegation which constitutes extreme

or outrageous conduct.  Furthermore, the alleged conduct of Defendant Schaeffer (that she

met with O.P., told her she should seek psychological counseling, and sent her back to

class) is similarly not extreme or outrageous.  There is nothing about the alleged conduct

which was beyond all possible bounds of decency, to be regarded as atrocious, and utterly

intolerable in a civilized society.  According to the Supreme Court of Pennsylvania, "courts

have been chary to allow recovery for intentional infliction of emotional distress. . . . cases

which have found a sufficient basis for a cause of action of intentional infliction of emotional

distress have had presented only the most egregious conduct." Hoy v. Angelone, 554 Pa.

134, 720 A.2d 745, 753-54 (Pa. 1998).

Furthermore, this Complaint fails to establish the requisite intent.  The requisite

intent which one must display for liability to be imposed under the tort is 'knowledge on the

part of the actor that severe emotional distress is substantially certain to be produced by his

conduct." Hoffman v. Memorial Osteopathic Hospital, 342 Pa. Super. 375, 492 A.2d 1382

(Pa. Super. 1985) (citing Forster v. Manchester, 410 Pa. 192, 189 A.2d 147, 151 (Pa. 1963).

There is no cognizable claim where there is no indication that the defendant intended to

cause distress to the plaintiff or knew with substantial certainty that such a result would occur. Jackson v. Sun Oil Co., 361 Pa. Super. 54, 521 A.2d 469, 471 (1987).  Described another way, "it has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort." Daughen v. Fox, 372 Pa. Super. 405, 412, 539 A.2d 858, 861 (1988); Restatement (Second) of Torts § 46, comment d. As alleged by O.P., the meeting was held in order to shift the blame to O.P. and evade their legal obligations to take steps to end the hostile environment and its effects.  This is insufficient in that it fails to establish an intent to cause distress to O.P., or that they knew with substantial certainty that such distress would occur.

Because O.P. has failed to allege extreme or outrageous conduct, or the requisite intent, the Claims against Defendants Dixon and Schaeffer in Count III must be dismissed with prejudice.

E.     **The State Law Claims of Intentional Infliction of Emotional Distress and Civil Conspiracy must be dismissed against Barbara Dixon because she is entitled to immunity as a high public official.**

Plaintiffs' claims for intentional infliction of emotional distress and civil conspiracy against Barbara Dixon must be dismissed as they merge into the claims against the District and must be treated as claims against the District itself.  In a suit against a governmental official in her official capacity, the "real party in interest" is a governmental entity. Smith v.

19

School District of Philadelphia, 112 F.Supp. 2d 417, 424-425 (E.D. Pa., 2000).  Therefore,

the claims against Barbara Dixon must be dismissed as she is a "high public official" entitled

to immunity under 42 Pa. C.S.A. §8550.  Ms. Dixon, as plead in Plaintiff's Complaint, was

the Principal at South Scranton Intermediate School.   Plaintiffs pleads that the Defendant

Dixon acted within her capacity as Principal of South Scranton Intermediate School and/or

failed to act within her capacity as Principal of South Scranton Intermediate School resulting

in harm to Plaintiffs.  In Smith, *supra*, the Court held that the absolute immunity for high

public officials immunizes individuals for claims including defamation, intentional infliction of

emotional distress and invasion of privacy.  Smith, *supra*, at 425.   Ms. Dixon as the

Principal of South Scranton Intermediate School is entitled to high public official immunity as

articulated in Smith, *supra*.

> This doctrine was articulated first in the context of defamation
> suits based on statements from officials in the course of their
> official duties and within the scope of their authority.  The
> doctrine has been extended outside the context of defamation,
> including retaliatory discharge, loss of consortium, invasion of
> privacy and intentional infliction of emotional distress.  (citations
> omitted)

Zugarek v. S. Tioga Sch. Dist., 214 F. Supp. 2d 468 (M. D. Pa. 2002).  The doctrine has

been cited by this Court in other cases as precluding state law tort claims against individuals

plead in their individual capacities.  Pribula v. Wyoming Area Sch. Dist., 2007 U.S. Dist.

LEXIS 51206 (M.D. Pa. 2007) (attached).

> Plaintiffs' correctly argue that, under the PSTCA, there is no
> immunity from suit in their individual capacities for municipal

officials who cause injury through a crime, actual fraud, actual
malice or willful misconduct.  42 Pa.C.S.A. §8501.  plaintiffs do
allege that the Individual Defendants committed willful
misconduct.  As such, the PSTCA does not bar Plaintiffs' claims
against the Individual Defendants in their individual capacities.

Plaintiffs' claims are nevertheless barred by the doctrine of high
public official immunity.  'School Board members [and
superintendents], entrusted with a policymaking role for the
School District, are high public officials entitled to absolute
immunity from state law suits when acting in their official
capacities.' Zugarek v. S. Tioga Sch. Dist., 214 F. Supp. 2d
468, 479 (M. Dist. Pa. 2002).  As such they are absolutely
immune from state law civil liability even when willful
misconduct is alleged.  Lindner v. Mullen, 544 Pa. 487, 677
A.2d 1194, 1195-1196 (Pa. 1996).  Accordingly, the Plaintiffs'
state law tort claims will be dismissed against the individual
Defendants in their individual capacities.

Pribula, at 12-13.

Therefore, the claims for intentional infliction of emotional distress and civil

conspiracy against Defendant Dixon must be dismissed.  Pennsylvania courts have

recognized that a school superintendent and school board members, "entrusted with a

policymaking role for the School District, are high public officials entitled to absolute

immunity from state law suits when acting in their official capacities." Smith v. Sch. Dist. of

Philadelphia, 112 F. Supp. 2d 417, 425 (E.D. Pa. 2000) (citing Petula v. Mellody, 158 Pa.

Commw. 212, 631 A.2d 762 (Pa. Commw. Ct. 1993)). Zugarek, 214 F. Supp. 2d at 479

(citing Jackson v. Coatesville Area Sch. Dist., No. 99-1495, 2000 U.S. Dist. LEXIS 11951,

2000 WL 1185375, at *9 (E.D. Pa. Aug. 21, 2000).

"An official's status as a high public official for purposes of absolute immunity is determined on a case-by-case basis, and depends on the nature of his duties, the importance of his office, and particularly whether or not he has policy-making functions." Kelleher v. City of Reading, No. 01-3386, 2001 U.S. Dist. LEXIS 14958, 2001 WL 1132401, *4 (E.D. Pa. 2001)). Zugarek v. S. Tioga Sch. Dist., 214 F. Supp. 2d 468, 479 (M.D. Pa. 2002). Defendant Dixon was principal of the South Scranton Intermediate School. Based on her position and duties, she is entitled to absolute immunity as a high public official. As such, O.P.'s claims for intentional infliction of emotional distress and civil conspiracy must be dismissed with prejudice.

F.   **O.P. has failed to set forth sufficient facts to establish claims for civil conspiracy in Count V against Defendants Maloney, Lloyd, Rossi, Michael.**

In order to plead a claim for civil conspiracy, Plaintiff must allege that: (1) two or more individuals combined or agreed to perform an unlawful act; (2) that an overt act was done in the furtherance of this agreement; and (3) that injury to the Plaintiff resulted. Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 472 (Pa. 1979). McKeeman v. Corestates Bank, N. A, 2000 PA Super 117, 751 A. 2d 655, 660 (Pa. Super. 2000). In order for a claim for civil conspiracy to proceed past the pleading stage, a plaintiff must allege all elements necessary to such a cause of action. Rutherford v. Presbyterian-University Hospital, 612 A.2d 500 (Pa.Super. 1992); Lackner v. Glosser, 892 A.2d 21 (Pa.Super. 2006). Mere conclusions of law are impermissible to support a cause of action for

conspiracy.  Clay v. Advanced Computer Applications, Inc.  536 A.2d. 1375, 1382

(Pa.Super. 1988) *reversed in part, on other grounds,* 559 A.2d. 917 (1988).  "Proof of

malice, i.e., an intent to injure, is an essential part of the conspiracy cause of action."  *See*

Grose v. P & G Paper Products, 866 A.2d. 437 (Pa.Super. 2005).  Dismissal is appropriate

where the Complaint merely alleges that the Defendants "conspired to intentionally

harm".  Id.   Actual proof of malice (i.e. intent to injure) is essential in the proof of a

conspiracy and merely describing something as malicious is not sufficient to give the proper

inference of malice; malice requires an allegation that the sole purpose of the conspiracy

was to injure the plaintiff. Doltz v. Harris & Associates, 280 F.Supp.2d 377, 389 (E.D. Pa.

2003).

Plaintiffs allege that Defendants Maloney, Lloyd, Rossi, and Michael, also referred to

as the "Library Defendants", "acted with a common purpose to frustrate and otherwise

unlawfully interfere with the School District's investigation into the bullying and harassment

of O.P. and to further T.M.'s unlawful harassment of O.P."  *See* the Complaint at ¶ 277. The

Plaintiffs alleges that they committed acts in furtherance of their unlawful scheme including,

meeting in the School Library and creating and implementing a scheme designed to enable

Defendant T.M. to evade punishment for her unlawful acts and to continue bullying and

harassing O.P.  *See* the Complaint at ¶ 278.

Plaintiffs have failed to set forth all the elements of the claim in that they have

alleged an unlawful act or underlying tort. "A conspiracy cannot be made the subject of a

civil action unless something has been done which, absent the conspiracy, would give a right of action." Nix v. Temple University, 596 A.2d, 1132, 1137 (Pa. Super. 1991); Pelagatti v. Cohen, 536 A.2d, 1337, 1342 (Pa. Super. 1987).  Absent that civil cause of action for a particular act, there can be no cause of action for civil conspiracy.  Id.  "The mere fact that two or more persons, each with the right to do a thing, happen to do that thing at the same time is not by itself an actionable conspiracy." Burnside v. Abbott Laboratories, 505 A. 2d 973, 980 (Pa.Super. 1985) (citations omitted).  O.P. has alleged nothing about the meeting in the library which would be subject to a civil action.  Because there is nothing actionable about the alleged meeting in the library, absent the conspiracy, there can be no claim for civil conspiracy.

Furthermore, O.P. has failed to plead the requisite intent.  Pennsylvania courts have found that this element of malice will only be found when the sole purpose of the conspiracy is to cause harm to the party that was injured. Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 472 (Pa. 1979); *See also*, Becker v. Chicago Title Insurance Co., 2004 U.S. Dist. LEXIS 1988, 39-40 (E.D. Pa. 1988).  Herein, Plaintiff pleads that the purpose of the alleged conspiracy was to enable T.M. to evade punishment and to continue bullying O.P.  By Plaintiffs own admission, the alleged conspiracy was not entered into for the sole purpose of causing harm to O.P. As such, Count V must be dismissed with prejudice.

Lastly, it appears that Count V contains allegations of three separate conspiracies. Plaintiff has not made any allegations that the Library Defendants conspired with the

student defendants or with Defendants Dixon and Schaeffer.  To the extent Plaintiffs are

alleging a conspiracy between Defendants Maloney, Lloyd, Rossi, and Michael, and any

other Defendants, that claim must also be dismissed.

> **1.** **O.P's claim for civil conspiracy against Defendants Dixon and Schaeffer must be dismissed as Plaintiffs have failed to allege facts necessary to establish their claim**

O.P. alleges that Defendants Dixon and Schaeffer conspired to cause O.P.

emotional distress and deprive her of her constitutional rights by telling O.P. that she should

seek psychological counseling. *See* Complaint at ¶ 240.  The acts alleged in furtherance of

this allegedly unlawful plan are removing O.P. from class, calling her to Schaeffer's office,

telling her to get psychological help, and withholding this information from O.P.'s parents.

*See* Complaint at ¶ 285.

Plaintiffs have failed to allege a conspiracy, or any acts in furtherance of a

conspiracy, between Defendants Dixon and Schaeffer in this matter.  Plaintiff merely states

conclusory allegations that Defendants acted with the common purpose to cause emotional

distress and deprive Plaintiffs of constitutional rights by telling O.P. she should seek

psychological counseling.  Plaintiff's vague and conclusory allegations in support of her civil

conspiracy claim fail and must be dismissed.  "A conspiracy cannot be made the subject of

a civil action unless something has been done which, absent the conspiracy, would give a

right of action." Nix v. Temple University, 596 A.2d, 1132, 1137 (Pa. Super. 1991); Pelagatti

v. Cohen, 536 A.2d, 1337, 1342 (Pa. Super. 1987).  The only allegation against Defendants

Dixon and Schaeffer is that Schaeffer told O.P. that she should consider psychological help. Because there is nothing actionable about the meeting, absent the conspiracy, there can be no claim for conspiracy.

Furthermore, Plaintiffs have failed to plead the requisite intent.  Pennsylvania courts have found that this element of malice will only be found when the sole purpose of the conspiracy is to cause harm to the party that was injured. <u>Thompson Coal Co. v. Pike Coal Co.</u>, 412 A.2d 466, 472 (Pa. 1979); *See also*, <u>Becker v. Chicago Title Insurance Co.</u>, 2004 U.S. Dist. LEXIS 1988, 39-40 (E.D. Pa. 1988).  This allegation fails to establish an intent to harm. As such, Count V fails to set forth the requisite intent for civil conspiracy.

Lastly, as discussed above, it appears that Count V contains allegations of three separate conspiracies.  Plaintiff has not made any allegations that Defendants Dixon and Schaeffer conspired with any other Defendants.  To the extent Plaintiff is alleging a conspiracy between Dixon and Schaeffer and any other Defendants, that claim must also be dismissed.

> **2.      O.P. has failed to set forth sufficient facts to establish claims for civil conspiracy in Count VI against the School District Defendants**

Plaintiffs allege that Defendants Lesh, Sheridan, King, Dixon, Rogan, Rose, Maloney, Schaeffer, Lloyd, Rossi, and Michael ("the School District Defendants"), acted with common purpose of denying and interfering with the Plaintiffs' Constitutional and other rights.  *See* Complaint at ¶ 292.  Plaintiffs further allege that they committed acts for the

unlawful purpose of evading their legal obligations to take prompt steps to end the harassment, eliminate the hostile environment, and prevent the harassment from recurring.

Plaintiffs have failed to set forth all the elements of the claim in that they have alleged an unlawful act or underlying tort. Plaintiffs' vague, conclusory allegations are insufficient to support liability.   Plaintiffs have not identified the requisite underlying tort, nor have they alleged any acts in furtherance of the alleged conspiracy.  Plaintiffs are required to identify specific acts on the part of the Defendants in order to support liability.

Lastly, Plaintiffs have failed to plead the requisite intent.  Plaintiffs have failed to allege that the sole purpose of causing harm to O.P., or her parents.  As such, Count VI must be dismissed with prejudice.

G.    **Plaintiffs are not entitled to punitive damages.**

Punitive damages may be awarded under Pennsylvania state law only for actions that are outrageous, either because of the bad faith motive of the defendant or because of his reckless indifference to the plaintiff's rights.  Martin v. Johns-Manville Corp.. 508 Pa. 154, 494 A.2d 1088 (1985). In Pennsylvania, plaintiffs would need to demonstrate that the defendants actions were "of such an outrageous nature as to demonstrate intentional, willful, wanton, or reckless conduct." Bannar v. Miller, 701 A.2d 232 (1997).  An essential fact needed to support a claim for punitive damages is that the defendant's conduct must have been outrageous.  Outrageous conduct is an "act done with a bad motive or with reckless indifference to the interests of others." Focht v. Rabada, 217 Pa. Super. 35, 38,

268 A.2d 157 (1970); <u>Feld v. Merriam</u>, 506 Pa. 383 (1984) (*citing* Restatement (Second) of Torts § 908).

Plaintiffs have averred that they are entitled to punitive damages, but have failed to allege any actions in on the part of moving Defendants which could rise to the level of outrageous conduct necessary to support a claim for punitive damages.  Therefore, Plaintiffs' claim for punitive damages in Counts III and V, and VI must be dismissed.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By:

Robin B. Snyder, Esquire
Attorney I.D. No:  PA 71562
P.O. Box 3118
Scranton, PA  18505-3118
(570) 496-4600

## CERTIFICATE OF SERVICE

I, Robin B. Snyder, Esquire, do hereby certify that a true and correct copy of the foregoing Brief in Support of Motion to Dismiss Plaintiffs' Amended Complaint was served upon all parties by electronic filing on the 11th day of April, 2011 at the following addresses:

Dave Frankel, Esquire
Joshua M. Kershenbaum, Esquire
Frankel & Kershenbaum, LLC
Four Tower Bridge
200 Barr Harbor Dr., Suite 400
West Conshohocken, PA  19428

Anthony J. Piazza, Jr., Esquire
Christopher A. Piazza, Esquire
Murphy, Piazza & Genello, P.C.
233 Penn Ave.
Forum Plaza
Scranton, PA  18503

Robert D. Billet, Esquire
Billet & Connor
2000 Market St.
Suite 2803
Philadelphia, PA  19103

Lawrence A. Durkin, Esquire
Durkin MacDonald, LLC
538 Spruce St., Suite 800
Scranton, PA  18503

Gerard M. Karam, Esquire
321 Spruce St., Suite 201
Scranton, PA  18503

Terrence J. McDonald, Esquire
3738 Birney Avenue
Moosic, PA  18507

Kevin C. McNamara, Esquire
Thomas, Thomas & Hafer
P.O. Box 999
Harrisburg, PA  17108

Donald H. Brobst, Esquire
Thomas J. Campenni, Esquire
Rosenn, Jenkins & Greenwald, LLP
15 South Franklin St.
Wilkes Barre, PA  18711-0075

Victor Verbeke, Esquire
Divya Wallace, Esquire
Snyder & Verbeke
1001 Hector St., Suite 200
Conshohocken, PA  19428

Harry T. Coleman, Esquire
Law Offices of Harry T. Coleman, Esquire
41 N. Main St.
3rd Floor, Suite 316
Carbondale, PA  18407

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By:_____
    Robin B. Snyder, Esquire
    Attorney I.D. No:  PA 71562
    P.O. Box 3118
    Scranton, PA  18505-3118
    (570) 496-4600

10/1237174.v1

30